## INNOCENT ALTERATION OF A PROMISSORY NOTE.

[Circuit Court of Lucas County.]

CHARLES E. TUCKER v. JOHN HENDRICKS.

Decided, October 31, 1903.

*Promissory Note—Whether the Giving of, Constitutes Payment of a Claim—Is a Question for the Jury—Innocent Alteration of Note—Without Knowledge or Consent of the Payee—Does Not Defeat Action on the Original Claim—Testimony as to Intention.*

1. Where a debtor attempts to satisfy a claim by the giving of his note for the amount thereof, which note was taken by the creditor, it is a question for the jury whether the note was accepted in payment of the claim.

2. Where intent is material, it is proper to ask a witness what his intention was with reference to the matter in hand.

3. A note drawing six per cent., given in satisfaction of a claim, was deposited by the payee in bank and placed to his credit. Some officer of the bank, with the understanding that between the bank and the payee the note was to draw eight per cent., the payee having obtained a loan from the bank at that rate, innocently wrote the words "8 per cent." upon the note. At maturity, payment of the note was refused because of the alteration, and suit was brought against the maker by the payee upon the original claim. *Held:* That the note having been innocently altered, without the knowledge or consent of the plaintiff, he had a right to pay the bank the amount of the note, take it back and bring an action upon the original claim.

HULL, J.; HAYNES, J., and PARKER, J., concur.

This action was brought by the defendant in error, plaintiff below, against C. E. Tucker, plaintiff in error, to recover $550, which the plaintiff claimed was due and owing to him for services that he had performed in and about the oil business in which Tucker was engaged. The defendant below by way of defense claimed that he had had a settlement with plaintiff and had given him his note for $550 in full payment of this claim. The plaintiff admitted that he had taken this note for $550 but averred that the Pemberville Banking Company, where he had deposited the note as collateral, without any fraudulent intent, altered the note by writing this in it: "Int. 8 per cent.," and

that the defendant having refused to pay the note on account of its having been so altered when presented to him for collection by the bank; that the plaintiff paid the bank the amount of this note and took it back and brought suit against Tucker on his original indebtedness. Plaintiff claimed and averred that this alteration was made by the bank without any fraudulent intent or purpose, but inadvertently; that therefore his claim was in full force and effect although the note had been so altered that it could not be sued upon. The action against Tucker was tried to a court and jury and a verdict returned in favor of Hendricks for the full amount of his claim and judgment entered on the verdict, and this action was brought to reverse that judgment.

It is claimed by the plaintiff in error that the note having been altered by the bank in this manner after being deposited with it by the plaintiff, that no recovery can be had either upon the note or upon the original indebtedness. The evidence fairly shows that the plaintiff took the note to the bank and deposited it and it was placed to his credit in his account; that he at that time obtained a loan of about this amount from the bank, but the proceeds of this note went into his account in the bank, and it might perhaps be regarded as a discounted note, but just what the transaction ought to be called the witnesses disagree upon. The note as drawn drew six per cent. interest and ran for three months. The bank was not in the habit of loaning money at less than eight per cent. and made an arrangement with Hendricks whereby this note as between themselves was to draw eight per cent. interest, and thus make up the other two per cent., and some officer of the bank, it does not appear clearly who, knowing about this arrangement, wrote on the face of the note "Int. 8 per cent.," so as to have a memorandum of this contract, the officer of the bank being under the impression evidently that the note was, so far as they were concerned, to be regarded as an eight per cent. note. When the note became due the bank had it presented to Mr. Tucker and he refused to pay it on the ground that it had been altered. It was sent back to the bank and the bank notified Mr. Hendricks and he immediately took the note up, waiving any defense that

he might have or any complaint that he might have made that the bank had altered the note so that it could not be collected.

Tucker makes no claim that he has paid this claim; he admits that he owes $550 for work and labor done for him in the oil fields.    There is no pretense that that has been paid or extinguished in any way unless it was by the act of the person in the bank inadvertently writing a few letters upon his note.

We are of the opinion that the judgment of the court of common pleas was correct.    The cashier of the bank testifies that it was altered without any fraudulent intent on his part, if he did it, and so far as his knowledge goes, without any fraudulent intent on the part of any officer of the bank.    The whole transaction occurred in the way I have stated and appears to have been perfectly honest and without any intent to defraud Mr. Tucker in any manner whatever, but this was written on the face of the note, clearly with the impression that the bank had a right to make this memorandum.    There was no intent to make an alteration against Mr. Tucker, or to enforce more than six per cent. against him.

The question involved is fully discussed in two cases found in the 4th O. S., the first one at page 60 (*Merrick* v. *Boury*) :

"It is only by force of an agreement of the parties that the giving of an unsealed note by the debtor will be payment of a precedent debt.    The burden of proof is upon the debtor, who must establish the agreement clearly; and the question whether there was such an agreement is one of fact to be determined by the jury.

"A vendee of goods, subsequently to the purchase, gave his note for the price, but it was not received as payment.    Afterward the vendors, to whom it was payable, without any fraudulent purpose, and under an honest mistake of right, materially altered it.    *Held:* That such alteration did not preclude a recovery upon the original cause of action, the precedent indebtedness."

In the case at bar the claim was made that this note had been taken in payment.    Plaintiff denied that it was taken in payment; and that was a question to submit to the jury, and it was found by them that it was not taken in payment.    There is no conflict among the authorities that there must be an agreement

that the note was taken in payment or something equivalent to that, otherwise it will not be held to have been so taken in payment.

Another case in 4 O. S. is found at page 530 (*Fullerton* v. *Sturges*) where the court say in the syllabus:

"The material alteration of a written instrument, made by a stranger, will not avoid it."

The alteration in the case at bar was made by a stranger. But it is insisted by the plaintiff in error that the plaintiff below had sold and transferred the note to the bank and had no right to take it up. It may be true that the bank could not have compelled him to pay this note and take it up, the bank having altered it though innocently. He might have made that objection; he might have made that defense perhaps to any action which the bank might have brought against him; but he had a right to waive this and pay it, and if he took the note back Tucker can not complain; Tucker still owes the debt and it is incumbent upon him to pay it, and neither the defendant nor the bank have been guilty of any fraudulent act or have done anything with intent to injure Tucker in regard to this note.

One of the alleged errors complained of is that the court permitted the cashier to testify whether he had any intention to defraud or whether any of the officers of the bank, so far as he knew, had any intent to defraud in what was done. The question was asked him: "What is the fact as to whether there was any intention upon the part of your bank or of the officers to defraud any person in this matter, so far as you know?" Objection was made to that and overruled and exception taken. The answer of the witness was: "There was none." It is always proper to ask a person what his intention was where that is material. There can be no fraud without intent. So far as any other officer of the bank was concerned, he simply testified that so far as he *knew* there was no fraudulent intent. This note having been altered without the knowledge or consent of the plaintiff and innocently altered, he had a right to bring his action upon the original indebtedness, which he properly did.

There were no errors committed upon the trial to the preju-
dice of defendant below; the verdict and judgment were cor-
rect and will be affirmed.

*Gilbert Harmon,* for plaintiff in error.

*Shefler & Campbell,* for defendant in error.